# EXHIBIT F

# FIFTH AMENDMENT TO CREDIT AGREEMENT AND AMENDMENT TO FORBEARANCE AGREEMENT

This FIFTH AMENDMENT TO CREDIT AGREEMENT AND AMENDMENT TO FORBEARANCE AGREEMENT (the "**Amendment**") is dated as of the 31st day of March, 2006, by and among ALARM ONE, INC., an Illinois corporation (the "**Borrower**"), the Lenders (as defined herein), and FORTRESS CREDIT CORP., as agent for the Lenders (the "**Agent**").

## R E C I T A L S :

A.     Reference is made to that certain Credit Agreement, dated as of February 11, 2005, as amended by that Waiver and First Amendment to Credit Agreement dated as of June 30, 2005, that Waiver and Second Amendment to Credit Agreement dated as of October 31, 2005, that Third Amendment to Credit Agreement and Forbearance Agreement dated as of December 21, 2005 and that Fourth Amendment to Credit Agreement and Forbearance Agreement (the "**Fourth Amendment and Forbearance Agreement**") dated as of January 31, 2006, by and among the Borrower, other Loan Parties from time to time party thereto, the financial institutions from time to time party thereto (the "**Lenders**"), and Agent (the "**Credit Agreement**"). Subject to the terms of the Fourth Amendment and Forbearance Agreement, the stated expiration date of the Lenders' forbearance under the Fourth Amendment and Forbearance Agreement is March 31, 2006.

B.     Borrower plans to refinance the Obligations under the Credit Agreement, but such refinancing is not contemplated to occur prior to March 31, 2006.

C.     Borrower has requested that the Agent and the Lenders enter into this Amendment extending the Forbearance Period (as defined in the Fourth Amendment and Forbearance Agreement) under the Fourth Amendment and Forbearance Agreement, and the Agent and the Lenders are willing to enter into this Amendment, but only upon the terms and conditions hereinafter set forth.

NOW, THEREFORE, in consideration of the above recitals and for other good and valuable consideration, the receipt and adequacy of which are hereby mutually acknowledged, and intending to be legally bound hereby, the parties hereto agree as follows:

1.     Definitions. All capitalized terms used but not defined in this Amendment shall have the meanings ascribed thereto in the Credit Agreement. The rules of construction set forth in Section 1.2 [Construction] of the Credit Agreement apply to this Amendment.

2.     Affirmation of Recitals. The recitals set forth above are true and correct and incorporated herein by reference.

3.    Amendment of Credit Agreement.  Section 5.10 [Exit Fee] of the Credit Agreement is hereby amended and restated in its entirety to read as follows:

"Section 5.10  Exit Fee.

Immediately upon payment in full of all Loans and termination of all Commitments, Borrower shall pay to Agent an exit fee in the aggregate principal amount of $1,325,000, plus the Prepayment Fee (as that term is defined in the Fourth Amendment to Credit Agreement and Forbearance Agreement dated as of January 31, 2006). Such fee shall be payable to Agent for the benefit of Lenders making Term Loans B."

4.    Amendment to Fourth Amendment and Forbearance Agreement. Section 10 [Termination] of the Fourth Amendment and Forbearance Agreement is hereby amended and restated as follows:

"10.   Termination.   On and after April 13, 2006 (the "Forbearance Termination Date"), (a) the Lenders shall have no obligation to make any advances, loans or extensions of credit to the Borrower other than advances made at Lenders' sole discretion (specifically excluding advances used to fund any Dealer Program or bulk purchase of security alarm contracts) and (b) the Agent may in its sole and absolute discretion: (i) end this forbearance without notice or demand of any kind or nature whatsoever, or (ii) pursue any rights and remedies available to it, including declaring all Obligations under the Credit Agreement and Loan Documents to be due and payable as more fully provided in the Credit Agreement, without defense, counterclaim or set-off, together with interest accrued thereon calculated at the rate applicable during an Event of Default as provided for in Section 4.3 [Interest After Default] of the Credit Agreement and the Agent's and Lenders' expenses, including attorneys' fees and expenses and all other obligations and liabilities arising hereafter or incurred due to the Agent and the Lenders or by the Borrower hereunder or under the Credit Agreement or any Loan Document."

5.    Certain Covenants and Agreements.  Notwithstanding any provision of the Credit Agreement or any other Loan Document to the contrary, the Borrower hereby covenants from and after the date hereof (or, if expressly stated below, from and after such later expressly stated date) to the Agent and the Lenders and agrees as follows:

(a)    Commitment Letter.  Borrower shall diligently pursue (i) the issuance to Borrower by Goldman Sachs Specialty Lending Holdings, L. P. ("**Goldman**") no later than April 13, 2006 of an executed commitment to refinance the Obligations, and (ii) with

respect to the refinancing of the Obligations, no later than April 13, 2006, a revised timetable, including details with respect to the timing and process of Goldman's obtaining its necessary credit approval and the anticipated closing date of the refinancing of the Obligations.

(b)     Refinancing of Loans. The Borrower agrees that it shall use its best efforts to refinance the Obligations on or before April 27, 2006.

(c)     Treatment as Loan Document. The Borrower acknowledges and agrees that this Amendment is a Loan Document.

6.     Release; No Discharge. As additional consideration for the Agent and the Lenders entering into this Amendment, the Borrower hereby fully and unconditionally releases and forever discharges the Agent and the Lenders, their agents, employees, directors, officers, attorneys, branches, affiliates, subsidiaries, successors and assigns and all persons, firms, corporations and organizations acting on any of their behalves (the "Released Parties") of and from any and all claims, liabilities, demands, obligations, damages, losses, actions and causes of action whatsoever which the Borrower may now have or claim to have against the Agent or the Lenders or any other Released Parties from the beginning of the world to the date hereof, whether presently known or unknown and of any nature and extent whatsoever, including on account of or in any way affecting, concerning or arising out of or founded upon this Amendment, the Fourth Amendment and Forbearance Agreement or the Loan Documents, including all such loss or damage of any kind heretofore sustained or that may arise as a consequence of the dealings among the parties up to and including the date hereof, including the administration or enforcement of the Loans, the Notes, the Obligations, the Credit Agreement or any of the Loan Documents. The obligations of the Borrower under the Loan Documents, and the Fourth Amendment and Forbearance Agreement shall be absolute and unconditional and shall remain in full force and effect without regard to, and shall not be released, discharged or in any way affected by:

(a)     any exercise or nonexercise of any right, remedy, power or privilege under or in respect of the Fourth Amendment and Forbearance Agreement, the Credit Agreement or any Loan Document, any document relating to or evidencing any of the Agent's or Lenders' liens, or applicable Law, including any waiver, consent, extension, indulgence or other action or inaction in respect thereof; or

(b)     any other act or thing or omission or delay to do any other act or thing which could operate to or as a discharge of the Borrower as a matter of law, other than payment in full of all Obligations, including all obligations under the Credit Agreement, the Loan Documents and this Amendment.

7.     Representations, Warranties and Covenants. As a material inducement to the Agent and the Lenders to enter into this Amendment, the Borrower hereby represents, warrants, covenants and agrees with the Agent and the Lenders that:

(a)     there exists no Event of Default or Potential Default under the Credit Agreement except for the Existing Defaults;

(b)     there are no actions, suits or proceedings pending, or, to the best of Borrower's knowledge, threatened against or directly affecting the Borrower or any collateral securing the Borrower's obligations under the Credit Agreement, in any court or before or by any governmental instrumentality, whether federal, state, county or municipality;

(c)     the Borrower is duly organized, validly existing and in good standing under the laws of the jurisdiction under which each is organized;

(d)     the Borrower has all the power and authority to execute, deliver and perform this Amendment; and

(e)     the consummation of the transactions herein contemplated and the performance or observance of the Borrower's obligations under the Loan Documents, this Amendment and the transactions required or contemplated herein to which the Borrower is a party:

(i)     have been duly authorized by all necessary action on the part of the Borrower;

(ii)     will not conflict with or result in a breach of or default under any injunction, or decree of any court or governmental instrumentality, or any forbearance agreement or instrument to which the Borrower is now a party or is subject; and

(iii)     will not (except to the extent provided in the Fourth Amendment and Forbearance Agreement) result in the creation or imposition of any Lien of any nature whatsoever upon any of the property or assets of the Borrower pursuant to the terms of any such forbearance agreement or instrument.

(f)     To the extent any consent, approval, order, or authorization or registration, declaration, or filing with any governmental authority or other person or legal entity is required in connection with the valid execution and delivery of this Amendment or the carrying out or performance of any of the transactions required or contemplated by this Amendment, all such consents, approvals, orders or authorizations shall have been obtained or all such registrations, declarations, or filings shall have been accomplished prior to the execution of this Amendment.

(g)     The Borrower agrees that the representations and warranties of the Borrower set forth in the Credit Agreement and the other Loan Documents are true and correct as if made and restated on the date of this Amendment (except representations and warranties which expressly speak of a specified date and representations and warranties which fail to be true and correct to the extent and only to the extent such failure arises directly from or otherwise directly relates to the Existing Defaults).

8.    <u>Force and Effect</u>.   Except as expressly amended by this Amendment, the terms and provisions of the Fourth Amendment and Forbearance Agreement and the Credit Agreement shall remain unmodified, and the terms and provisions of the Fourth Amendment and Forbearance Agreement and the Credit Agreement, each as amended hereby, shall remain in full force and effect.

9.    <u>Counterparts</u>.   This Amendment may be executed in one or more counterparts and by facsimile, each of which shall constitute an original and all of which taken together shall constitute one agreement.  Each party executing this Amendment represents that such party has the full authority and legal power to do so.

10.    <u>Governing Law and Binding Effect</u>.  This Amendment shall be deemed to be a contract under the Laws of the State of New York and shall, pursuant to New York General Obligations Law Section 5-1401, for all purposes be governed by and construed and enforced in accordance with the laws of the State of New York.  This Amendment shall be binding upon and shall inure to the benefit of the Borrower, the Lenders, and the Agent and their respective successors and assigns; provided, however, that the Borrower may not assign any of its rights or duties hereunder without the prior written consent of the Agent.

11.    <u>Miscellaneous</u>.  This Amendment is made for the sole benefit and protection of the Agent, the Lenders, the Borrower and their respective successors and assigns.  No other persons shall have any rights whatsoever hereunder.  Notices to parties hereunder may be given to them at the addresses and in the manner provided in Section 11.6 [Notices] of the Credit Agreement.  If any provision of this Amendment is held to be invalid or unenforceable, the remaining provisions shall remain in effect without impairment.  All representations and warranties of the Borrower contained herein or made in connection herewith or in connection with the Credit Agreement or any other Loan Document shall survive the making of and shall not be waived by: (i) the execution and delivery of this Amendment, (ii) any investigation by the Agent or any Lender, or (iii) any other event or condition whatsoever.  All obligations of the Borrower to make payments to the Agent and the Lenders shall survive the termination of all obligations of the Borrower hereunder and under the Credit Agreement and Loan Documents, and shall not be affected by reason of an invalidity, illegality or irregularity of this Amendment, the Credit Agreement, or any Loan Document.  The covenants and agreements contained in or given pursuant to this Amendment, the Credit Agreement, or under any Loan Document shall continue in force until the payment in full and the discharge of all Obligations of the Borrower.  The section and other headings contained in this Amendment are for reference purposes only and shall not control or affect the construction of this Amendment or the interpretation thereof in any respect.  Section and subsection references are to this Amendment unless otherwise specified.

**[SIGNATURE PAGES FOLLOW]**

[SIGNATURE PAGE 1 OF 5 TO FIFTH AMENDMENT TO CREDIT AGREEMENT AND
FORBEARANCE AGREEMENT]


       IN WITNESS WHEREOF, the parties hereto, intending to be legally bound
hereby, have caused this Amendment to be executed and delivered as of the day and year first
above written.

ALARM ONE, INC.

By:_____

Name:    Peter Maltby

Title:    President and CEO




ACKNOWLEDGED AND AGREED:

_____

PETER MALTBY, individually

**[SIGNATURE PAGE 2 OF 5 TO FIFTH AMENDMENT TO CREDIT AGREEMENT AND FORBEARANCE AGREEMENT]**

FORTRESS CREDIT CORP., individually and as Agent

By: _____
Name: CONSTANTINE DAKOLIAS
Title: CHIEF CREDIT OFFICER

[SIGNATURE PAGE 3 OF 5 TO FIFTH AMENDMENT TO CREDIT AGREEMENT AND FORBEARANCE AGREEMENT]

DEUTSCHE BANK AG, NEW YORK BRANCH,
as a Lender

By: _____
Name: Erik Falk
Title: Managing Director

By: _____
Name: ELIZABETH A. WHALEN
Title: DIRECTOR

**[SIGNATURE PAGE 4 OF 5 TO FIFTH AMENDMENT TO CREDIT AGREEMENT AND FORBEARANCE AGREEMENT]**

FORTRESS CREDIT OPPORTUNITIES I, as a Lender

By: _____

Name: CONSTANTINE DAKOLIAS

Title: CHIEF CREDIT OFFICER

[SIGNATURE PAGE 5 OF 5 TO FIFTH AMENDMENT TO CREDIT AGREEMENT AND
FORBEARANCE AGREEMENT]

FORTRESS CREDIT OPPORTUNITIES II, LP, as
a Lender

By:_____

Name:_____CONSTANTINE DAKOLIAS_____

Title:_____CHIEF CREDIT OFFICER_____

### SECOND AMENDMENT TO FORBEARANCE AGREEMENT

This SECOND AMENDMENT TO FORBEARANCE AGREEMENT (the "**Amendment**") is dated as of the 13th day of April, 2006, by and among ALARM ONE, INC., an Illinois corporation (the "**Borrower**"), the Lenders (as defined herein), and FORTRESS CREDIT CORP., as agent for the Lenders (the "**Agent**").

R E C I T A L S:

A.      Reference is made to that certain Credit Agreement, dated as of February 11, 2005, as amended by that Waiver and First Amendment to Credit Agreement dated as of June 30, 2005, that Waiver and Second Amendment to Credit Agreement dated as of October 31, 2005, that Third Amendment to Credit Agreement and Forbearance Agreement dated as of December 21, 2005, that Fourth Amendment to Credit Agreement and Forbearance Agreement dated as of January 31, 2006, and that Fifth Amendment to Credit Agreement and Amendment to Forbearance Agreement dated as of March 31, 2006, by and among the Borrower, other Loan Parties from time to time party thereto, the financial institutions from time to time party thereto (the "**Lenders**"), and Agent (the "**Credit Agreement**").

B.      Reference is also made to that certain Fourth Amendment to Credit Agreement and Forbearance Agreement, dated as of January 31, 2006, and that Fifth Amendment to Credit Agreement and Amendment to Forbearance Agreement, dated as of March 31, 2006, by and among the Borrower, other Loan Parties from time to time party thereto, the Lenders, and Agent (the "**Forbearance Agreement**"). The agreement of the Lenders under the Forbearance Agreement to forbear from taking certain actions permitted under the Credit Agreement expires after April 13, 2006.

C.      Borrower plans to refinance the Obligations under the Credit Agreement, but such refinancing is not contemplated to occur prior to April 13, 2006.

D.      Borrower has requested that the Agent and the Lenders enter into this Amendment extending the Forbearance Period (as defined in the Forbearance Agreement), and the Agent and the Lenders are willing to enter into this Amendment, but only upon the terms and conditions hereinafter set forth.

NOW, THEREFORE, in consideration of the above recitals and for other good and valuable consideration, the receipt and adequacy of which are hereby mutually acknowledged, and intending to be legally bound hereby, the parties hereto agree as follows:

1.      <u>Definitions</u>. All capitalized terms used but not defined in this Amendment shall have the meanings ascribed thereto in the Credit Agreement. The rules of construction set forth in Section 1.2 [Construction] of the Credit Agreement apply to this Amendment.

2.    <u>Affirmation of Recitals</u>.  The recitals set forth above are true and correct and incorporated herein by reference.

3.    <u>Amendment to Forbearance Agreement</u>. Section 10 [Termination] of the Forbearance Agreement is hereby amended and restated as follows:

"10.    <u>Termination</u>.    On and after April 27, 2006 (the "Forbearance Termination Date"), (a) the Lenders shall have no obligation to make any advances, loans or extensions of credit to the Borrower other than advances made at Lenders' sole discretion (specifically excluding advances used to fund any Dealer Program or bulk purchase of security alarm contracts) and (b) the Agent may in its sole and absolute discretion: (i) end this forbearance without notice or demand of any kind or nature whatsoever, or (ii) pursue any rights and remedies available to it, including declaring all Obligations under the Credit Agreement and Loan Documents to be due and payable as more fully provided in the Credit Agreement, without defense, counterclaim or set-off, together with interest accrued thereon calculated at the rate applicable during an Event of Default as provided for in Section 4.3 [Interest After Default] of the Credit Agreement and the Agent's and Lenders' expenses, including attorneys' fees and expenses and all other obligations and liabilities arising hereafter or incurred due to the Agent and the Lenders or by the Borrower hereunder or under the Credit Agreement or any Loan Document."

4.    <u>Certain Covenants and Agreements</u>.  Notwithstanding any provision of the Credit Agreement or any other Loan Document to the contrary, the Borrower hereby covenants from and after the date hereof (or, if expressly stated below, from and after such later expressly stated date) to the Agent and the Lenders and agrees as follows:

(a)    <u>Commitment Letter</u>.  Borrower shall diligently pursue (i) the issuance to Borrower by Goldman Sachs Specialty Lending Holdings, L. P. ("**Goldman**") no later than April 27, 2006 of an executed commitment to refinance the Obligations, and (ii) with respect to the refinancing of the Obligations, no later than April 21, 2006, a revised timetable and term sheet, including details with respect to the timing and process of Goldman's obtaining its necessary credit approval and the anticipated closing date of the refinancing of the Obligations.

(b)    <u>Refinancing of Loans</u>.  The Borrower agrees that it shall use its best efforts to refinance the Obligations on or before May 31, 2006.

(c)    <u>Treatment as Loan Document</u>.  The Borrower acknowledges and agrees that this Amendment is a Loan Document.

5.    <u>Release; No Discharge</u>.  As additional consideration for the Agent and the Lenders entering into this Amendment, the Borrower hereby fully and unconditionally releases and forever discharges the Agent and the Lenders, their agents, employees, directors, officers, attorneys, branches, affiliates, subsidiaries, successors and assigns and all persons, firms, corporations and organizations acting on any of their behalves (the **"Released Parties"**) of and from any and all claims, liabilities, demands, obligations, damages, losses, actions and causes of action whatsoever which the Borrower may now have or claim to have against the Agent or the Lenders or any other Released Parties from the beginning of the world to the date hereof, whether presently known or unknown and of any nature and extent whatsoever, including on account of or in any way affecting, concerning or arising out of or founded upon this Amendment, the Forbearance Agreement or the Loan Documents, including all such loss or damage of any kind heretofore sustained or that may arise as a consequence of the dealings among the parties up to and including the date hereof, including the administration or enforcement of the Loans, the Notes, the Obligations, the Credit Agreement or any of the Loan Documents.  The obligations of the Borrower under the Loan Documents and the Forbearance Agreement (as amended hereby) shall be absolute and unconditional and shall remain in full force and effect without regard to, and shall not be released, discharged or in any way affected by:

(a)    any exercise or nonexercise of any right, remedy, power or privilege under or in respect of the Forbearance Agreement (as amended hereby), the Credit Agreement or any Loan Document, any document relating to or evidencing any of the Agent's or Lenders' liens, or applicable Law, including any waiver, consent, extension, indulgence or other action or inaction in respect thereof; or

(b)    any other act or thing or omission or delay to do any other act or thing which could operate to or as a discharge of the Borrower as a matter of law, other than payment in full of all Obligations, including all obligations under the Credit Agreement, the Loan Documents and this Amendment.

6.    <u>Representations, Warranties and Covenants</u>.  As a material inducement to the Agent and the Lenders to enter into this Amendment, the Borrower hereby represents, warrants, covenants and agrees with the Agent and the Lenders that:

(a)    there exists no Event of Default or Potential Default under the Credit Agreement except for the Existing Defaults;

(b)    there are no actions, suits or proceedings pending, or, to the best of Borrower's knowledge, threatened against or directly affecting the Borrower or any collateral securing the Borrower's obligations under the Credit Agreement, in any court or before or by any governmental instrumentality, whether federal, state, county or municipality;

(c)    the Borrower is duly organized, validly existing and in good standing under the laws of the jurisdiction under which each is organized;

(d)    the Borrower has all the power and authority to execute, deliver and perform this Amendment; and

(e)    the consummation of the transactions herein contemplated and the performance or observance of the Borrower's obligations under the Loan Documents, this Amendment and the transactions required or contemplated herein to which the Borrower is a party:

(i)    have been duly authorized by all necessary action on the part of the Borrower;

(ii)    will not conflict with or result in a breach of or default under any injunction, or decree of any court or governmental instrumentality, or any forbearance agreement or instrument to which the Borrower is now a party or is subject; and

(iii)    will not (except to the extent provided in the Forbearance Agreement, as amended hereby) result in the creation or imposition of any Lien of any nature whatsoever upon any of the property or assets of the Borrower pursuant to the terms of any such forbearance agreement or instrument.

(f)    To the extent any consent, approval, order, or authorization or registration, declaration, or filing with any governmental authority or other person or legal entity is required in connection with the valid execution and delivery of this Amendment or the carrying out or performance of any of the transactions required or contemplated by this Amendment, all such consents, approvals, orders or authorizations shall have been obtained or all such registrations, declarations, or filings shall have been accomplished prior to the execution of this Amendment.

(g)    The Borrower agrees that the representations and warranties of the Borrower set forth in the Credit Agreement and the other Loan Documents are true and correct as if made and restated on the date of this Amendment (except representations and warranties which expressly speak of a specified date and representations and warranties which fail to be true and correct to the extent and only to the extent such failure arises directly from or otherwise directly relates to the Existing Defaults).

7.    <u>Conditions to Effectiveness</u>.  The effectiveness of this Amendment is expressly conditioned upon the occurrence and completion of all of the following:

(a)    <u>Fees and Expenses</u>.  (i)  The Borrower shall pay or cause to be paid by wire transfer to the Agent to the extent not previously paid all costs and expenses of the Agent accrued through the date hereof.

(ii)  The Borrower shall pay or cause to be paid by wire transfer to the extent not previously paid those reasonable fees and expenses of the Agent's counsel set forth on <u>Exhibit A</u> attached hereto.

(b)    <u>No Violation of Laws, No Actions or Proceedings</u>. The execution of this Amendment shall not contravene any Law applicable to any Loan Party or any of the Lenders. No action, proceeding, investigation, regulation or legislation shall have been instituted, threatened or proposed before any court, governmental agency or legislative body to enjoin, restrain or prohibit, or to obtain damages in respect of this Amendment or the consummation of the transactions contemplated hereby, which, in the Agent's sole discretion, would make it inadvisable to consummate the transactions contemplated by this Amendment or any of the other Loan Documents.

(c)    <u>Legal Details; Counterparts</u>.  All legal details and proceedings in connection with the transactions contemplated by this Amendment shall be in form and substance satisfactory to the Agent, the Agent shall have received from the Borrower and the Required Lenders an executed original of this Amendment and the Agent shall have received all such other counterpart originals or certified or other copies of such documents and proceedings in connection with such transactions, all in form and substance satisfactory to the Agent.

8.    <u>Force and Effect</u>.   Except as expressly amended by this Amendment, the terms and provisions of the Forbearance Agreement shall remain unmodified, and the terms and provisions of the Forbearance Agreement, as amended hereby, shall remain in full force and effect.

9.    <u>Counterparts</u>.  This Amendment may be executed in one or more counterparts and by facsimile, each of which shall constitute an original and all of which taken together shall constitute one agreement.  Each party executing this Amendment represents that such party has the full authority and legal power to do so.

10.    <u>Governing Law and Binding Effect</u>.  This Amendment shall be deemed to be a contract under the Laws of the State of New York and shall, pursuant to New York General Obligations Law Section 5-1401, for all purposes be governed by and construed and enforced in accordance with the laws of the State of New York.  This Amendment shall be binding upon and shall inure to the benefit of the Borrower, the Lenders, and the Agent and their respective successors and assigns; provided, however, that the Borrower may not assign any of its rights or duties hereunder without the prior written consent of the Agent.

11.    <u>Miscellaneous</u>.  This Amendment is made for the sole benefit and protection of the Agent, the Lenders, the Borrower and their respective successors and assigns. No other persons shall have any rights whatsoever hereunder.  Notices to parties hereunder may be given to them at the addresses and in the manner provided in Section 11.6 [Notices] of the Credit Agreement.  If any provision of this Amendment is held to be invalid or unenforceable, the remaining provisions shall remain in effect without impairment.  All representations and warranties of the Borrower contained herein or made in connection herewith or in connection with the Credit Agreement or any other Loan Document shall survive the making of and shall not be waived by: (i) the execution and delivery of this Amendment, (ii) any investigation by the

Agent or any Lender, or (iii) any other event or condition whatsoever. All obligations of the Borrower to make payments to the Agent and the Lenders shall survive the termination of all obligations of the Borrower hereunder and under the Credit Agreement and Loan Documents, and shall not be affected by reason of an invalidity, illegality or irregularity of this Amendment, the Credit Agreement, or any Loan Document. The covenants and agreements contained in or given pursuant to this Amendment, the Credit Agreement, or under any Loan Document shall continue in force until the payment in full and the discharge of all Obligations of the Borrower. The section and other headings contained in this Amendment are for reference purposes only and shall not control or affect the construction of this Amendment or the interpretation thereof in any respect. Section and subsection references are to this Amendment unless otherwise specified.

**[SIGNATURE PAGES FOLLOW]**

**[SIGNATURE PAGE 1 OF 5 TO SECOND AMENDMENT TO FORBEARANCE AGREEMENT]**

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound hereby, have caused this Amendment to be executed and delivered as of the day and year first above written.

ALARM ONE, INC.

By: _____

Name: _PETER MALTBY_____

Title: _PRESIDENT & CEO_____


ACKNOWLEDGED AND AGREED:

_____

PETER MALTBY, individually

[SIGNATURE PAGE 2 OF 5 TO SECOND AMENDMENT TO FORBEARANCE AGREEMENT]

FORTRESS CREDIT CORP., individually and as Agent

By: _____
Name: ___CONSTANTINE DAKOLIAS___
Title: ___CHIEF CREDIT OFFICER___

[SIGNATURE PAGE 3 OF 5 TO SECOND AMENDMENT TO FORBEARANCE AGREEMENT]

DEUTSCHE BANK AG, NEW YORK BRANCH,
as a Lender

By: _____
Name: _Michael Henriques_____
Title: _Managing Director_____

By: _____
Name: _K Bell_____
Title: _MD_____

**[SIGNATURE PAGE 4 OF 5 TO SECOND AMENDMENT TO FORBEARANCE AGREEMENT]**

FORTRESS CREDIT OPPORTUNITIES I, as a
Lender

By: _____

Name: ~~CONSTANTINE DAKOLIAS~~

Title: ~~CHIEF CREDIT OFFICER~~

[SIGNATURE PAGE 5 OF 5 TO SECOND AMENDMENT TO FORBEARANCE AGREEMENT]

FORTRESS CREDIT OPPORTUNITIES II, LP, as
a Lender

By:_____
Name:_____CONSTANTINE DAKOLIAS_____
Title:_____CHIEF CREDIT OFFICER_____