# EXHIBIT H

## RESERVATION OF RIGHTS LETTER

~ECTRONIC MAIL

~rch 1, 2006

Alarm One, Inc.
1601 E. Orangewood Avenue
Anaheim, CA 92805
Attention: Peter Maltby, Chief Executive Officer

Re: <u>Credit Agreement</u>

Ladies and Gentlemen:

    Reference is made to the Credit Agreement dated as of February 11, 2005, as amended by that Waiver and First Amendment to Credit Agreement dated as of June 30, 2005, that Waiver and Second Amendment to Credit Agreement dated as of October 31, 2005, that Third Amendment to Credit Agreement and Forbearance Agreement dated as of December 21, 2005 and that Fourth Amendment to Credit Agreement and Forbearance Agreement (the "**Fourth Amendment and Forbearance Agreement**") dated as of January 31, 2006 (as the same may be further amended, restated, modified or supplemented, the "**Credit Agreement**"), by and among Alarm One, Inc. (the "**Borrower**"), the other Loan Parties from time to time party thereto, the financial institutions from time to time party thereto (the "**Lenders**") and Fortress Credit Corp. (in its capacity as agent for the Lenders, the "**Agent**"). Capitalized terms used in this letter have the meanings given to them in the Credit Agreement if not otherwise defined herein.

    As you are aware, the Borrower's failure to comply with Section 6(c) [Certain Covenants and Agreements; Sale of Additional California Accounts] of the Fourth Amendment and Forbearance Agreement by failing to complete the sale of the Additional California Accounts (as defined in the Fourth Amendment and Forbearance Agreement) on or before February 28, 2006 constitutes an Event of Default under Section 9.1.4 [Breach of Other Covenants] of the Credit Agreement.

    In addition to the Agent's and the Lenders' right to discontinue making Loans under Section 9.2.1 [Events of Default Other Than Bankruptcy, Insolvency or Reorganization Proceedings] of the Credit Agreement, the Event of Default described above permits the Agent and the Lenders to accelerate the Indebtedness under Section 9.2.1 of the Credit Agreement and to exercise all rights and remedies under Section 9.2 [Consequences of Event of Default] of the Credit Agreement, all of which are expressly reserved. Pursuant to Section 4.3 [Interest After Default] of the Credit Agreement, all outstanding Loans shall continue to bear interest at the Default Rate.

    By this letter, the Agent and the Lenders expressly reserve the right to exercise any and all rights and remedies contained in the Credit Agreement, without any further written notice to the

Alarm One, Inc.
March 1, 2006
Page 2

Borrower. No forbearance, delay or inaction by the Agent and the Lenders in the exercise of their rights and remedies, and no continuing performance (including the Agent's and the Lenders' continued advances and making of Loans during the existence of the Event of Default described above) by the Agent, the Lenders, or the Borrower under the Credit Agreement shall: (a) constitute (i) a modification or an alteration of the terms, conditions or covenants of the Credit Agreement or any related documents, instruments and agreements (collectively as amended from time to time, the "**Loan Documents**"), all of which remain in full force and effect; or (ii) a waiver, release or limitation upon the Agent's and the Lenders' exercise of any of their rights and remedies thereunder, all of which are hereby expressly reserved; or (b) relieve or release the Borrower or any guarantor in any way from any of its respective duties, obligations, covenants or agreements under the Credit Agreement or the other Loan Documents or from the consequences of the Event of Default described above or any other Event of Default thereunder. The Agent and the Lenders are not obligated to waive the Event of Default described above or any other Events of Default or defaults, whether now existing or which may occur after the date of this letter.

Since the time of the Borrower's failure to comply with the covenant described above, the Agent and the Lenders have discussed or may discuss with the Borrower the availability of continued funding under the Credit Agreement and the modification of certain covenants in the Credit Agreement. In connection with such discussions, the Agent and the Lenders may meet with the Borrower and negotiate matters relating to the Credit Agreement. Any such discussions, meetings and negotiations do not and shall not constitute a waiver of any Default or Event of Default under the Credit Agreement or a waiver of any of the Agent's or the Lenders' rights or remedies under the Credit Agreement or any of the Loan Documents or prejudice any of the Agent's and the Lenders' rights or remedies thereunder. The Agent and the Lenders are not and shall not be bound by any oral agreement, and no rights or liabilities, either express or implied, shall arise on the part of the Agent and the Lenders unless and until the agreement on any given issue has been reduced to a written agreement executed in accordance with Section 11.2 [No Implied Waivers; Cumulative Remedies; Writing Required] of the Credit Agreement and all conditions to the effectiveness thereof have been met.

Very truly yours,

FORTRESS CREDIT CORP.

By: _____

Name: ____CONSTANTINE DAKOLIAS____
Title: ____CHIEF CREDIT OFFICER____

cc: Peter Maltby, individually