# EXHIBIT J



**FORTRESS**
INVESTMENT GROUP LLC

1345 AVENUE OF THE AMERICAS
46TH FLOOR
NEW YORK, NY 10105
TEL 212 798-6100

## RESERVATION OF RIGHTS LETTER

VIA ELECTRONIC MAIL

June 15, 2006

Alarm One, Inc.
1601 E. Orangewood Avenue
Anaheim, CA 92805
Attention: Peter Maltby, Chief Executive Officer

Ladies and Gentlemen:

Reference is made to the Credit Agreement dated as of February 11, 2005, as amended by that Waiver and First Amendment to Credit Agreement dated as of June 30, 2005, that Waiver and Second Amendment to Credit Agreement dated as of October 31, 2005, that Third Amendment to Credit Agreement and Forbearance Agreement dated as of December 21, 2005 (the "**Third Amendment and Forbearance Agreement**"), that Fourth Amendment to Credit Agreement and Forbearance Agreement dated as of January 31, 2006 (the "**Fourth Amendment and Forbearance Agreement**") and that Fifth Amendment to Credit Agreement and Amendment to Forbearance Agreement dated as of March 31, 2006 (the "**Fifth Amendment and Forbearance Agreement**") (as the same may be further amended, restated, modified or supplemented, the "Credit Agreement") by and among Alarm One, Inc. ("**Borrower**"), the other Loan Parties from time to time party thereto ("**Loan Parties**"), the financial institutions from time to time party thereto ("**Lenders**") and Fortress Credit Corp. (in its capacity as agent for Lenders, "**Agent**"). Reference is also made to that Fifth Amendment and Forbearance Agreement, as amended by that Second Amendment to Forbearance Agreement dated as of April 13, 2006 (the "**Second Amendment to Forbearance**", and together with the Fourth Amendment and Forbearance Agreement and the Fifth Amendment and Forbearance Agreement, the "**Forbearance Agreement**") by and among Borrower, other Loan Parties from time to time party thereto, Lenders, and Agent. Capitalized terms used in this letter have the meanings given to them in the Credit Agreement if not otherwise defined herein.

The Forbearance Period (as defined in the Forbearance Agreement) expired on April 27, 2006. Agent and Lenders issued a Reservation of Rights letter dated May 4, 2006 ("Reservation of Rights Letter"). After May 4, 2006, Agent, Lenders and Borrower have attempted to negotiate a new forbearance agreement.

This letter is a reminder that Agent has not waived any Event of Default or any Existing Defaults. Furthermore, additional Events of Default have occurred and are continuing which Events of Default occurred by reason of:

(a)     Borrower failed to make the interest payment due and payable to the [Ag]ent in the amount of _____ March 31, 2006 pursuant to Section 6(a) of the Fourth Amendment and Forbearance [Agreem]ent in the amount of the increase in the accrued interest as a result of the increase in the [intere]st rate otherwise applicable to the Loans by 3.0% per annum (the resulting interest rate [ref]erred to as the "Default Rate").

(b)     Borrower has failed to make those subsequent payments due on each of April 5, 2006, May 5, 2006 and June 5, 2006, in the amount of the increased interest accrued and payable as a result of the application of the Default Rate on each of April 5, 2006, May 5, 2006 and June 5, 2006.

(c)     Borrower has not calculated accurately its Borrowing Base. Borrower has included in its calculation of Eligible RMR customer accounts monitored at Monitronics International, Inc. ("Monitronics"). No RMR from customer accounts monitored by Monitronics ("Monitronics RMR") should have been included in Eligible RMR after September 1, 2005 so long as Monitronics was not an Approved Central Station. Despite numerous requests, Agent has never received an Assignment and Modification Agreement from Monitronics and, therefore, Monitronics is not an Approved Central Station.

However, following Borrower's acquisition of accounts from Apex Alarm LLC, Borrower has included in its calculation of Eligible RMR accounts monitored by Monitronics, which accounts should be excluded since Monitronics is not an Approved Central Station. When the Monitronics RMR is excluded from the Borrowing Base, the Revolving Facility Usage exceeds the Borrowing Base. This result is exacerbated by the fact that Borrower recently exceeded the permissible percentage of Eligible RMR attributable to Security Alarm Contracts or Commercial Contract Guarantors who have an Approved Credit Score greater than or equal to 600 and below 625.

Under Section 5.5.4 of the Credit Agreement, Borrower shall immediately make, without the necessity of any demand by Agent, a mandatory prepayment of principal equal to the excess of the Revolving Facility Usage over the Borrowing Base, together with accrued interest on such principal amount. Borrower failed to make any mandatory prepayment, and therefore is in default of Section 5.5.4 of the Credit Agreement. For the same reasons, for each applicable Loan Request, Borrower is in default of the Full Disclosure representation contained in Section 6.1.11 of the Credit Agreement.

(d)     Commencing December 23, 2005, Borrower has failed to deliver to the Agent revisions or updates to Schedule 6.1.29 of the Credit Agreement and any other Schedules as should be updated.

Lenders continue to reserve all rights and remedies as set forth in the Reservation of Rights Letter including without limitation, Agent and Lenders expressly reserve the right to exercise any and all rights and remedies contained in the Credit Agreement, without any further written notice to Borrower. No forbearance, delay or inaction by Agent and Lenders in the exercise of their rights and remedies, and no continuing performance (including Agent's and Lenders' continued advances and making of Loans during the existence of the Existing Defaults by Agent, Lenders, or Borrower under the Credit Agreement shall: (a) constitute (i) a

Alarm One, Inc.
June 15, 2006
Page 3

modification or an alteration of the terms, conditions or covenants of the Credit Agreement or any other Loan Document, all of which remain in full force and effect; or (ii) a waiver, release or limitation upon Agent's and Lenders' exercise of any of their rights and remedies thereunder, all of which are hereby expressly reserved; or (b) relieve or release Borrower or any guarantor in any way from any of its respective duties, obligations, covenants or agreements under the Credit Agreement or the other Loan Documents or from the consequences of the Existing Defaults or any other Event of Default thereunder. Agent and Lenders are not obligated to waive the Existing Defaults or any other Events of Default or defaults, whether now existing or which may occur after the date of this letter.

No compromise, consent, release, waiver or modification agreement or understanding with respect to the Credit Agreement or Forbearance Agreement shall constitute a legally binding agreement or contract or have any force or effect whatsoever unless and until approved in writing and signed by the authorized representatives of Agent and Lenders.

Any conduct or statements, whether written, oral, telephonic or otherwise, made at any time in connection with the Events of Default, the Existing Defaults, the Credit Agreement or the Forbearance Agreement are without prejudice and, without exception, constitute settlement negotiations which are not to be disclosed as evidence in any administrative or judicial proceeding.

[SIGNATURE PAGE TO RESERVATION OF RIGHTS LETTER]

Very truly yours,

FORTRESS CREDIT CORP.

By: _____

Name: _____

Title: _____

CONSTANTINE DAKOLIAS
CHIEF CREDIT OFFICER

cc: Peter Maltby, individually

#1966400-v3