# EXHIBIT K



**FORTRESS**
INVESTMENT GROUP LLC

1345 AVENUE OF THE AMERICAS
46TH FLOOR
NEW YORK, NY 10105
TEL 212 798-6100

### RESERVATION OF RIGHTS LETTER

**VIA ELECTRONIC MAIL**

August 21, 2006

Alarm One, Inc.
1601 E. Orangewood Avenue
Anaheim, CA 92805
Attention: Peter Maltby, Chief Executive Officer

Ladies and Gentlemen:

Reference is made to the Credit Agreement dated as of February 11, 2005, as amended by that Waiver and First Amendment to Credit Agreement dated as of June 30, 2005, that Waiver and Second Amendment to Credit Agreement dated as of October 31, 2005, that Third Amendment to Credit Agreement and Forbearance Agreement dated as of December 21, 2005 (the "Third Amendment and Forbearance Agreement"), that Fourth Amendment to Credit Agreement and Forbearance Agreement dated as of January 31, 2006 (the **"Fourth Amendment and Forbearance Agreement"**) and that Fifth Amendment to Credit Agreement and Amendment to Forbearance Agreement dated as of March 31, 2006 (the **"Fifth Amendment and Forbearance Agreement"**) (as the same may be further amended, restated, modified or supplemented, the "Credit Agreement") by and among Alarm One, Inc. ("Borrower"), the other Loan Parties from time to time party thereto ("Loan Parties"), the financial institutions from time to time party thereto ("Lenders") and Fortress Credit Corp. (in its capacity as agent for Lenders, "Agent"). Reference is also made to that Fifth Amendment and Forbearance Agreement, as amended by that Second Amendment to Forbearance Agreement dated as of April 13, 2006 (the **"Second Amendment to Forbearance"**, and together with the Fourth Amendment and Forbearance Agreement and the Fifth Amendment and Forbearance Agreement, the **"Forbearance Agreement"**) by and among Borrower, other Loan Parties from time to time party thereto, Lenders, and Agent. Capitalized terms used in this letter have the meanings given to them in the Credit Agreement if not otherwise defined herein.

The Forbearance Period (as defined in the Forbearance Agreement) expired on April 27, 2006. Agent and Lenders issued a Reservation of Rights letter dated May 4, 2006 ("Reservation of Rights Letter").

This letter is a reminder that Agent has not waived any Event of Default or any Existing Defaults. Furthermore, additional Events of Default have occurred and are continuing which Events of Default occurred by reason of:

      (a)     Borrower failed to make the interest payment due and payable to the Agent on July 5, 2006 and August 5, 2006 pursuant to Section 6(a) of the Fourth Amendment and Forbearance Agreement in the amount of the increase in the accrued interest as a result of

Page 2

the increase in the interest rate otherwise applicable to the Loans by 3.0% per annum (the resulting interest rate referred to as the "Default Rate").

        (b)    As of July 15, 2006, the Revolving Facility Usage exceeded the Borrowing Base.  Under Section 5.5.4 of the Credit Agreement, Borrower shall immediately make, without the necessity of any demand by Senior Agent, a mandatory prepayment of principal equal to the excess of the Revolving Facility Usage over the Borrowing Base, together with accrued interest on such principal amount.  Borrower failed to make the mandatory prepayment due on July 15, 2006, and therefore is in default of Section 5.5.4 of the Credit Agreement.

        (c)    As of July 15, 2006, Borrower failed to maintain the sum of Availability plus unrestricted cash required under Section 8.2.19 of the Credit Agreement.

Lenders continue to reserve all rights and remedies as set forth in the Reservation of Rights Letter including without limitation, Agent and Lenders expressly reserve the right to exercise any and all rights and remedies contained in the Credit Agreement, without any further written notice to Borrower.  No forbearance, delay or inaction by Agent and Lenders in the exercise of their rights and remedies, and no continuing performance (including Agent's and Lenders' continued advances and making of Loans during the existence of the Existing Defaults by Agent, Lenders, or Borrower under the Credit Agreement shall: (a) constitute (i) a modification or an alteration of the terms, conditions or covenants of the Credit Agreement or any other Loan Document, all of which remain in full force and effect; or (ii) a waiver, release or limitation upon Agent's and Lenders' exercise of any of their rights and remedies thereunder, all of which are hereby expressly reserved; or (b) relieve or release Borrower or any guarantor in any way from any of its respective duties, obligations, covenants or agreements under the Credit Agreement or the other Loan Documents or from the consequences of the Existing Defaults or any other Event of Default thereunder.  Agent and Lenders are not obligated to waive the Existing Defaults or any other Events of Default or defaults, whether now existing or which may occur after the date of this letter.

No compromise, consent, release, waiver or modification agreement or understanding with respect to the Credit Agreement or Forbearance Agreement shall constitute a legally binding agreement or contract or have any force or effect whatsoever unless and until approved in writing and signed by the authorized representatives of Agent and Lenders.

For the avoidance of doubt, Agent understands that Borrower is in the process of attempting to secure refinancing through Goldman Sachs.  Agent and Lenders reserve their right to take any action to enforce their rights against the Borrower or the Collateral immediately, or at any time in the future, without notice to Borrower, notwithstanding the status of the Borrower's refinancing efforts with Goldman Sachs or any other lender.  At the present time, there is no forbearance arrangement in place among the Agent, Lenders and the Borrower.

[SIGNATURE PAGE TO RESERVATION OF RIGHTS LETTER]

Very truly yours,

FORTRESS CREDIT CORP.

By: _____

Name: _____
                  Glenn P. Cummins
                  Chief Financial Officer

Title: _____

cc: Peter Maltby, individually
    Kerry S. Kehoe, Esq, Holland & Knight LLP